U.S. v. Carmen Matos-Cardona

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CARMEN MATOS-CARDONA
Defendant.

PLEA AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, Carmen Matos-Cardona, and Defendant's counsel, Yanira Colon-Garcia, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

   Defendant agrees to plead guilty to Count One of the Information:

   Count One:  Theft of Government Money; Conspiracy.  The defendant willingly and knowingly embezzled, stole, purloined, and converted to his own use of the use of another, money of the United States in the amount of $233,111.00, in violation of 18 U.S.C. §§ 371 and 641.

2. **Maximum Penalties**

   Count One: The maximum statutory penalty for the offense charged in Count One of the Information is a term of imprisonment of five years, a fine not to exceed two-hundred fifty thousand dollars ($250,000.00), and a term of supervised release of

not more than three (3) years, all pursuant to 18 U.S.C. §§ 371, 641, 3571(b)(3), and 3583(b)(2).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996. As such, the Defendant stipulates and agrees to the entry of a judgment of restitution in the amount of $233,111.00 payable as follows:

$2,151.00 to the State of Arizona Unemployment Agency

$26,357.00 to the State of Colorado Unemployment Agency

$27,280.00 to the State of Illinois Unemployment Agency

$6,603.00 to the State of Massachusetts Unemployment Agency

$18,240.00 to the State of New York Unemployment Agency

$6,380.00 to the State of West Virginia Unemployment Agency

$48,100.00 to the U.S. Small Business Administration, Texas

$98,000.00 to the U.S. Smal Business Administration, Nebraska

6. **Sentence to be Determined by the Court**

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

7. **Recommended Sentencing Guidelines Calculations**

The United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>18 U.S.C. § 641 ||
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B1.1(a)(2) | 6 |
| Specific Offense Characteristics pursuant to U.S.S.G. § 2B1.1(b)(1)(F), loss of $233,111.00 | +10 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| Zero-point Offender pursuant to U.S.S.G. § 4C1.1 | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 11 |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 8-14 | 10-16 | 12-18 | 18-24 | 24-30 | 27-33 |

**8. Sentence Recommendation**

As to Count One the parties recommend a downward variant sentence of one year Probation.

The parties agree that any other recommendation by either party will constitute a material breach of the Plea Agreement.

**8. No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

**9. Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or

probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 10. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 11. Satisfaction with Counsel

Defendant is satisfied with counsel, Yanira Colon-Garcia, Esq., and asserts that counsel has rendered effective legal assistance.

### 12. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause

where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.



### 13. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

14. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

15. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

16. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

17. **Dismissal of Remaining Counts**

N/A

18. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

19. **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea.  In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea.  Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

20. **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 21. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

_____
Seth A. Erbe
Assistant U.S. Attorney
Chief, Financial Fraud & Public Corruption
Dated: 2-2-26

_____
Yanira Colon-Garcia, Esq.
Counsel for Defendant
Dated: 2.2.2026

_____
Scott Anderson
Assistant U.S. Attorney
Dated: 2/2/26

_____
Carmen Matos-Cardona
Defendant
Dated: 2/2/2026

U.S. v. Carmen Matos-Cardona

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 2-2-2026

Carmen Matos-Cardona
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 2.2.2026

Yanira Colon-Garcia, Esq.
Counsel for Defendant

U.S. v. Carmen Matos-Cardona

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Carmen Matos-Cardona admits that Defendant is guilty as charged in the Information and admits the following:

The Unemployment Insurance (UI) system was a state-federal program that provided monetary benefits to eligible lawful workers. Although state workforce agencies (SWAs) administered their respective UI programs, they did so in accordance with federal laws and regulations. UI benefits provided temporary financial assistance to lawful workers who were unemployed through no fault of their own. Each state set its own additional requirements for eligibility, benefit amounts, and length of time benefits will be paid.

Due to the COVID-19 pandemic, the SWAs' ability to provide UI benefits was expanded. On March 13, 2020, the President declared the ongoing COVID-19 pandemic of sufficient severity and magnitude to warrant an emergency declaration for all states, tribes, territories, and the District of Columbia and signed the Families First Coronavirus Response Act (FFCRA) and the Coronavirus Aid, Relief, and Economic Security Act (CARES) into law. The FFCRA provided additional flexibility for state UI agencies and additional administrative funding to respond to the COVID-19 pandemic. The CARES Act expanded the SWAs' ability to provide UI for many workers impacted by COVID-19, including for workers who were not ordinarily eligible for UI benefits.

To obtain UI benefits, and individual would apply online through the SWA's website by providing their personal identifying information and bank account. If approved, the SWA would send the applicant his benefits via an electronic transfer of funds.

The US Small Business Administration (SBA) was the only federal agency fully dedicated to small business and provided counseling, capital, and contracting expertise to help small-business owners and entrepreneurs. The SBA provided low-interest disaster loans to help businesses and homeowners recover from declared disasters. The SBA's COVID-19 Economic Injury Disaster Loan (EIDL) program provided funding to help small businesses recover from the economic impacts of the COVID-19 pandemic.

From in or about May 2020 through in or about December 2021, Defendant knowingly and intentionally engaged in a conspiracy with others unknown to fraudulently apply for and receive UI benefits from various SWAs, including Arizona, Colorado, Illinois, Massachusetts, New York, and West Virginia in the names of other individuals, and fraudulently apply for and receive two disaster loans from the SBA, one in Tesxas and one in Nebraska in the names of two different companies, for a total loss amount of $233,111.00. These fraudulently obtained UI benefits and disaster loans were deposited via ETFs into Defendant's various bank accounts located in Puerto Rico. Defendant would then spend some of the money on herself and forward the rest at the direction of her co-conspirators through money orders, cashier's checks, and wire transfers.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical and documentary evidence, which would have proven beyond a reasonable doubt that defendant Carmen Matos-Cardona is guilty as charged in Count One of the Information.

_____
Scott Anderson
Assistant U.S. Attorney
Dated: 2/2/26

_____
Yanira Colon-Garcia, Esq.
Counsel for Defendant
Dated: 2.2.2026

_____
Carmen Matos-Cardona
Defendant
Dated: 2-2-2026